H2rnbiep

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                       16 Cr. 748 (NRB)

LEANDRO BIERD,

            Defendant.               Plea

------------------------------x
                                     New York, New York
                                     February 27, 2017
                                     4:30 p.m.

Before:

            HON. NAOMI REICE BUCHWALD,

                                     District Judge

                    APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
BY:  MATTHEW LaROCHE
     Assistant United States Attorney

JULIA GATTO
     Attorney for Defendant


ALSO PRESENT:

Erika De Los Rios, Interpreter (Spanish)
```

1               (Case called)
2               THE COURT:  Judging from the documents in front of me,
3     Mr. Bierd intends to plead guilty to the indictment.
4               MS. GATTO:  To a lesser included offense of Count One
5     of the indictment.
6               THE COURT:  OK.
7               MS. GATTO:  Pursuant to a plea agreement, yes.
8               THE COURT:  All right.  Thank you.
9               Mr. Bierd, would you stand and raise your right hand,
10    please.
11              (Defendant sworn)
12              THE COURT:  Could you tell me your full name, please.
13              THE DEFENDANT:  Leandro Bierd.
14              THE COURT:  How old are you, sir?
15              THE DEFENDANT:  36 years old.
16              THE COURT:  Why don't you sit down.
17              Mr. Bierd, what was the highest grade in school that
18    you completed?
19              THE DEFENDANT:  I think ninth or tenth of high school.
20    I don't remember well.
21              THE COURT:  OK.  Where did you go to high school?
22              THE DEFENDANT:  Franklin K. Lane in Brooklyn, New
23    York.
24              THE COURT:  Are you now or have you recently been
25    under the care of a doctor or mental health professional?

```
1                THE DEFENDANT:  No.
2                THE COURT:  Have you ever been hospitalized or treated
3     for alcoholism or narcotics addiction?
4                THE DEFENDANT:  In 2008 I did, but it was through the
5     court.  I went to the program for about a month or two, and
6     then I didn't have to go anymore.
7                THE COURT:  Are you under the influence of any drug or
8     alcohol today?
9                THE DEFENDANT:  No.
10               THE COURT:  How are you feeling physically today?
11               THE DEFENDANT:  Good.
12               THE COURT:  Have you had sufficient time to discuss
13    the charges against you and your plea with your attorney,
14    Ms. Gatto?
15               THE DEFENDANT:  Yes.
16               THE COURT:  And have you been satisfied with the
17    advice and counsel that she has given to you?
18               THE DEFENDANT:  Yes.
19               THE COURT:  And are you ready to enter a plea today?
20               THE DEFENDANT:  Yes.
21               THE COURT:  And what is your plea to the charge of
22    conspiracy to distribute and possess with the intent to
23    distribute Fentanyl?  Guilty or not guilty?
24               THE DEFENDANT:  Guilty.
25               THE COURT:  Mr. Bierd, in order to determine whether
```

your plea is voluntary and made with a full understanding of the charges against you and the consequences of your plea, I will make certain statements to you and ask you certain questions.  I want you to understand that I need not accept your plea unless I am satisfied that you are in fact guilty and that you fully understand your rights.

Now, as I just said, this plea agreement is a plea to a conspiracy to distribute and possess with intent to distribute Fentanyl.

This crime carries a maximum term of imprisonment of 20 years, a maximum term of supervised release of life, a mandatory minimum term of supervised release of three years, and a maximum fine of the greatest of $1 million or twice the gross monetary gain derived from the offense or twice the gross monetary loss to a person other than yourself as a result of the offense, and a $100 mandatory special assessment.

Do you understand that those are the charges against you and the maximum possible penalties provided for those charges under the law?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that in consideration for your plea of guilty that you will not be further prosecuted by the U.S. Attorney's Office except for possible criminal tax violations for conspiring to distribute and possess with the intent to distribute Fentanyl from at least in or about August

H2rnbiep

1   2016, up to and including September 2016?
2           THE DEFENDANT:  Yes.
3           THE COURT:  And the indictment also contains a
4   forfeiture allegation.  Do you understand that it is part of
5   your plea to admit the forfeiture allegation?
6           THE DEFENDANT:  Yes.
7           THE COURT:  Do you understand that you have the right
8   to plead not guilty and the right to a trial on the charge
9   against you, and in fact the right to a jury trial?
10          THE DEFENDANT:  Yes.
11          THE COURT:  At this time I would ask the government
12  please to recite the elements of the crime charged.
13          MR. LaROCHE:  Yes, your Honor.  If the case proceeded
14  to trial, the government would have to prove two elements
15  beyond a reasonable doubt:
16          First, that there was an agreement between two or more
17  persons to distribute and possess with intent to distribute
18  Fentanyl; and,
19          Second, that the defendant knowingly and voluntarily
20  joined that conspiracy.
21          THE COURT:  Mr. Bierd, do you understand that if you
22  pled not guilty and went to trial that the burden would be on
23  the government to prove each and every element of the crime
24  charged beyond a reasonable doubt in order to convict you?
25          THE DEFENDANT:  Yes.

1    THE COURT:  Do you understand that at a trial you
2 would have the right to be represented by an attorney at all
3 stages of the proceeding, and, if necessary, an attorney would
4 be appointed for you?
5    THE DEFENDANT:  Yes.
6    THE COURT:  Do you understand that at a trial you
7 would have the right to confront and cross-examine witnesses
8 against you and the right not to be compelled to incriminate
9 yourself?
10    THE DEFENDANT:  Yes.
11    THE COURT:  Do you understand that at a trial you
12 would be presumed innocent until such time, if ever, the
13 government established your guilt by competent evidence to the
14 satisfaction of the trier of fact beyond a reasonable doubt?
15    THE DEFENDANT:  Yes.
16    THE COURT:  Do you understand that at a trial you
17 would have the right to testify and would also be entitled to
18 compulsory process, in other words, the right to call other
19 witnesses on your behalf?
20    THE DEFENDANT:  Yes.
21    THE COURT:  Do you understand that if your plea is
22 accepted that there will be no further trial of any kind, so
23 that by pleading guilty, you are waiving your right to a trial?
24    THE DEFENDANT:  Yes.
25    THE COURT:  Do you understand that if you are

H2rnbiep

1    sentenced to a period of supervised release and if you violate
2    the terms of your supervised release that an additional period
3    of jail time may be imposed without credit for the time that
4    you have previously spent on supervised release?
5             THE DEFENDANT:  Yes.
6             THE COURT:  Do you understand that in connection with
7    your plea of guilty that the Court may ask you certain
8    questions about the offense to which you have pled, and if you
9    answer those questions under oath and on the record and in the
10   presence of your lawyer that your answers, if false, may later
11   be used against you in a prosecution for perjury or false
12   statement?
13            THE DEFENDANT:  Yes.
14            THE COURT:  Mr. Bierd, what country are you a citizen
15   of?
16            THE DEFENDANT:  The Dominican Republic.
17            THE COURT:  Do you understand that by virtue of your
18   guilty plea and conviction that it is extremely likely that you
19   will be deported from the United States?
20            THE DEFENDANT:  Yes.
21            THE COURT:  Do you still wish to plead guilty
22   regardless of any immigration consequences that may result to
23   you because of your conviction?
24            THE DEFENDANT:  Yes.
25            THE COURT:  Do you understand that you have agreed not

1    to challenge your conviction or sentence on appeal or otherwise
2    on the basis of the immigration consequences, including
3    deportation, that will result from your guilty plea and
4    conviction?
5             THE DEFENDANT:  Yes.
6             THE COURT:  Did you sign a plea agreement earlier
7    today?
8             THE DEFENDANT:  Yes.
9             THE COURT:  Before you signed it, did you discuss it
10   with Ms. Gatto?
11            THE DEFENDANT:  Yes.
12            THE COURT:  Before you signed it, was it translated to
13   you?
14            THE DEFENDANT:  Yes.
15            THE COURT:  Let's put the plea agreement to one side.
16            Separate and apart from the plea agreement, have any
17   threats or promises been made to you to make you plead guilty?
18            THE DEFENDANT:  No.
19            THE COURT:  Again, separate and apart from the plea
20   agreement, have any understandings or promises been made to you
21   concerning the sentence that you will receive?
22            THE DEFENDANT:  No.
23            THE COURT:  Is your plea voluntary, in other words, of
24   your own free will?
25            THE DEFENDANT:  Yes.

1     THE COURT:  I would like to review some portions of
2 the plea agreement with you.
3     First, you understand that the plea agreement contains
4 a stipulated guidelines range and that range is from 70 to 87
5 months, with an applicable fine range from $20,000 to $1
6 million?
7     THE DEFENDANT:  Yes.
8     THE COURT:  Do you understand that as part of this
9 plea agreement both parties have agreed not to seek either a
10 downward or an upward departure from the stipulated guideline
11 the range, but you may seek a sentence outside of the
12 stipulated guidelines range?
13     THE DEFENDANT:  Yes.
14     THE COURT:  Do you understand that the government has
15 reserved the right to seek an additional sentence if you fail
16 to clearly demonstrate acceptance of responsibility or if you
17 engaged in conduct currently unknown to the government that
18 constitutes an obstruction of justice or if you commit another
19 crime after signing this agreement?
20     THE DEFENDANT:  Yes.
21     THE COURT:  And do you understand that that this plea
22 agreement with the guidelines stipulation is neither binding on
23 the probation office nor on the Court and that the sentence to
24 be imposed upon you is determined solely by the Court?
25     THE DEFENDANT:  Yes.

1          THE COURT:  Do you understand that if you receive a
2     sentence within or below the stipulated guidelines range that
3     you have waived any right to appeal or otherwise challenge your
4     sentence?
5          THE DEFENDANT:  Yes.
6          THE COURT:  And are you pleading guilty because you
7     are in fact guilty?
8          THE DEFENDANT:  Yes.
9          THE COURT:  Do you understand that this plea agreement
10    doesn't bind any other prosecuting agency, either federal,
11    state or local, other than the U.S. Attorney's Office for the
12    Southern District of New York?
13         THE DEFENDANT:  Yes.
14         THE COURT:  Do you understand that this agreement
15    cannot be modified except in a writing signed by all parties
16    and that it takes the place of any prior agreement or
17    understanding, with the exception of a prior written proffer
18    agreement?
19         THE DEFENDANT:  Yes.
20         THE COURT:  Mr. Bierd, did you commit the offense that
21    you have been charged with?
22         THE DEFENDANT:  Yes.
23         THE COURT:  Could you tell me in your own words what
24    you did.
25         THE DEFENDANT:  In the summer of 2016, I agreed with

1  other people to pick up some drugs that were going to be sold
2  afterwards.  The drug was Fentanyl.  Part of my conduct took
3  place in the Bronx.  I knew that what I was doing was wrong and
4  illegal.
5         THE COURT:  Mr. Laroche, is there anything else you
6  would like me to ask him.
7         MR. LaROCHE:  Yes, your Honor.  This is just a little
8  picky, but he said the summer of 2016.  I was wondering if the
9  Court could inquire just to make sure that included August
10 because we didn't charge the entire summer in the indictment.
11        THE COURT:  OK.  Do you want to go up to September?
12        MR. LaROCHE:  That's fine.  I think August or --
13 August would be sufficient.  We'll go through September.
14 That's fine as well.
15        THE COURT:  OK.  When you were talking about your
16 conduct during the summer of 2016, did that conduct occur also
17 during the months of August and September 2016.
18        THE DEFENDANT:  That's correct.
19        MR. LaROCHE:  Thank you, your Honor.
20        THE COURT:  OK.
21 Mr. Bierd, do you still wish to plead guilty?
22        THE DEFENDANT:  Yes.
23        THE COURT:  Ms. Gatto, do you know of any reason that
24 Mr. Bierd ought not to plead guilty?
25        MS. GATTO:  No, your Honor.

1      THE COURT:  All right.  Mr. Bierd, I'm satisfied that
2 you understand the nature of the charge against you and the
3 consequences of your plea and that your plea is made
4 voluntarily and knowingly and that there is a factual basis for
5 it.
6      Accordingly, I will accept your plea of guilty and
7 direct that a presentence report be prepared.
8      Is there anything special that I need to know about a
9 sentencing date?
10      MS. GATTO:  No, your Honor.  I think the standard four
11 months is appropriate here.
12      THE COURT:  OK.  I am going to move this out a little
13 bit.  So could we have the defendant's submission by June 9,
14 the government's by June 23, and sentencing July 6 at 3 in the
15 afternoon.  Does that work for everybody?  It's flexible.
16      MR. LaROCHE:  That is fine for the government.
17      MS. GATTO:  That is fine for me, too.
18      THE COURT:  OK.
19      Did I say 3 or 3:30.  I said 3?
20      MS. GATTO:  3.
21      THE COURT:  OK.  We can't do it.  We are going to be
22 exiled from our chambers.  They're putting in some new phone
23 system or something, so maybe we will put it off until the
24 following week.
25      Let's do July 12.  If the parties would like to move

1  their submissions each a little later, that's OK too.  Just let
2  us know.  So July 12 at 3.
3              Anything else at this time?
4              MR. LaROCHE:  No, your Honor.  Thank you.
5              MS. GATTO:  No, Judge.  Thank you.
6              (Adjourned)